Chief Justice Robertson
delivered the Opinion of the Court.
This court having, in 1824, V Litt. 192, reversed a decree of the Fleming circuit court perpetually enjoining a judgment in ejectment, which had been obtained by Philip Cole against Richard Damron in the Floyd circuit court, and having, by its mandate, directed the circuit court to dismiss the. bill, that court, on the return of the cause, appointed commissioners to assess improvements, rents, &o. under the occupying claimant law. A report- returned by the commissioners having been quashed, “ the case” was remanded to the Floyd circuit court, where other commissioners were appointed, and, in 1828, made a report. Shortly after which, “fhe suit” was abated by the death of Richard Damron. In 1830, an order was made reviving '■'■the suit” in the name of Abraham Damron, ‘■‘•sole heir,” and thereupon exceptions to the report were argued and-overruled, and a judgment rendered in favor of A. Damron against Cole for the amount assessed after deducting jive years’ rent.
The statute of 1812, II Dig. 957, is the only legislative act applicable to the case. The act of 1820. had been repealed, and was neyer applicable, because the judgment had been rendered prior to its passage. *596 See proviso to the tenth section. The act of 182& does not apply for the same reason. See the last proviso to the thirteenth section.
Third section of act of 1812, relative to iicupants°forC" rent, construed-
If occupant ' enjoin or su¿ percede the evenuuUiyand fail, he w chargeable from iiate of fheiudgnivnt.
We'cannot ascertain from the record Whether proceedings for improvements were before the chancellor or the common law judge ; and it is not material Which tribunal the style of the proceedings might literally import, because the same individual held the court in both capacities. If, as we presume was the case, the bill was dismissed as directed by this court, a revivor of it was unnecessary and improper; a motion, by the proper person or persons for the appointment of commissioners, would have been all that was necessary or proper, even if the suit in chancery had not been dismissed. We need not decide whether a revivor of the motion in the name of the heir only would have been proper. On the return of this case, an application must be again made for commissioners.
The judgment must be reversed for two reasons:
I. The commissioners and the court restricted the allowance for rents to five years. This is complained of, and is, we think, erroneous.
The third section of the act of 1812, after declaring that a bona fide occupant shall not be liable fot rent prior to the judgment or decree, provides that lie shall not, “ by any delay or hindrance oj justice, after such judgment or decree, become chargeable with rent for more than five years.”
This we understand as meaning that the occupant shall not be liable for more than five years’ rent in consequence of the delinquency or default of the successful claimant after judgment or decree, nor in consequence of any delay or hindrance of justice filcident lo a proceeding, under the occupant law, for im~ provements. The legislature could not have intended such manifest injustice and invasion as would be legalized if an occupant shall be chargeable with only ^ve years’ rent after judgment of eviction, even though he shall have wrongfully suspended the judgment for twenty years by injunction and appeal, “ enj°in or supercede the judgment, and eventually fail, he is chargeable with rent from the date of *597 the judgment. Why then, if, by either or both of these means, he suspend tiie judgment for ten years, should his liability for rent be restricted to five years? Suoíi a construction is not required by the letter of the statute, and would seem to be unreasonable and unjust. “ Delay or hindrance,” after judgment or decree, means delay or hindrance in the proceeding for impronements, and not any suspension of the judgment or decree itself by injunction or appeal. The occupant may hold the land until the value of his improvements be secured by bond or by judgment; still he will be chargeable with rent during his occupancy between tiie judgment of eviction and the delivery of a bond or the date of a judgment for the improvements, unless the intervenient period shall exceed five years, and then he will be liable for five years only.. Tiie successful claimant may himself hasten the period when iie may have a habere facias. If he be negligent or delinquent, so as to extend the time beyond five years from the date of his judgment, he shall not thus subject the occupant as a tenant ad libitum. Tue occupant, upon his part, may act in good faith, and proceed for his improvements witli due diligence, and nevertheless the delay incident to' such a proceeding, involving, as it frequently does, vexatious and controverted points, may pro¡tract the final adjustment beyond five years from the judgment of eviction. It was for such delay as this, and such only, that the limitation in the third section was prescribed.
The time during which the judgment or decree itself shall have been suspended by injunction or appeal, should be excepted irom the computation ; and during that time, however long it may be, the occupant should be charged with rent; and he should also account for the profits for whatever other period, after judgment, he occupied the land, not to be extended in the computation beyond five years.
In this case, Cole is entitled to rent from the date of the judgment of eviction to the dissolution of the injunction, and for the time succeeding the dissolution, if it do not exceed five years; and if it do, he is entitled to five years’ rent in addition to what bebas a right to during the suspension of his judgment, *598 •when neither party could have instituted any pro - ceeding for assessing improvements under the act of 1812.
To sustain a perci.’ptnry judgment or decree ngnimt occupant for assessed value 01 improvements, the record mint allow that ocelli,ant elected to pay for the improvements and take the land
.Morehead, Wickliffe and JVoolcy, for plaintiff; ,Monroe, for defendant.
II. The value of the improvements, as assessed, after deducting rents, exceeds three fourths of the assessed value of the land in it native state; consequently, according to the provisions of the act of 1812, Cole was not bound to pay for the improvements, unless he had elected to do so, and take the laud. The record shews no such election. Therefore, tiie circuit court erred iti rendering a peremptory judgment or decree, as it did, against Cole for the amount assessed for improvements.
Wherefore, without noticing other points, the consideration of which is not now necessary, the judgment or decree (whichever it may be deemed) for the assessed value of improvements must be reversed, and the cause remanded.